GREEN et al. v. BUCKNER et al.—255 S. W. (2d) 406.

Eastern Section. November 19, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

Solon L. Robinson, of Pikeville, for plaintiffs.

O. W. McKenzie and Walter S. Michael, of Dayton, for defendants.

HOWELL, J. This is an ejectment suit brought by R. F. Green and Sallie Green against Arthur E. Buckner,

Auby Buckner and others and involves the title and the right to possession of a tract of land on Waldens Ridge in the 3rd Civil District of Bledsoe County.

Answers were filed by two of the defendants and the defendants Arthur E. Buckner and wife filed an answer and cross-bill in which they prayed that they be declared the owners of the land in controversy. The complainants filed an answer to the cross-bill in which they denied that cross-complainants were entitled to the relief prayed.

The case was heard by the Chancellor upon the pleadings, depositions and exhibits and also oral testimony of witnesses introduced before the Court and after argument of counsel the Chancellor filed a written finding of facts and opinion in which it was held that the complainants had failed to make out their case except as to a small portion of the land described in the bill which they had held under fence for more than seven years. It was further held that the cross-complainants were the owners of a tract of about 25 acres excluding, however, the small tract just mentioned which complainants had under fence. A reference was ordered to the Master to determine by metes and bounds the exact number of acres complainants had under fence. The costs of the case were divided between the complainants and defendants.

After a petition to rehear had been denied the complainants were granted and perfected an appeal to this Court and have assigned errors which complain largely about the facts as found by the Chancellor.

The record discloses that the parties had a fair and impartial hearing before the Chancellor, who had the witnesses, plats and deeds before him and heard arguments by counsel both on the original hearing and upon the motion for a rehearing.

The finding of facts and opinion of the Chancellor are in part as follows:

"Complainants are the owners of a fifty acre tract of land lying generally Southwest of the land in controversy; and the defendants are the owners of two tracts of land of 100 acres and 59 acres respectively lying generally Northeast and Southeast of the land in controversy. Thus, we have a tract of land of some 50 acres lying between and adjacent to the lands of complainants and lands of defendants, which tract is claimed by both parties.

"The Parties are claiming title from a common source.

"The complainants have undertaken to establish legal title by proof of Grant No. 3128 for 5000 acres of land, dated August 16, 1833, and recorded February 23, 1834, in the Register's Office of Bledsoe County, in Deed Book F.P. 217, which embraces the land here in dispute. They have also introduced in evidence the deed of J. D. Neal, for 5000 acres, executed by Ellis H. Bowman on August 26, 1902, and filed for registration August 4, 1903; and the deed of J. D. Neal to complainants, executed February 24, 1937, and recorded January 13, 1939, in Book 25, p. 339, in the Register's Office of Bledsoe County.

"Complainants insist that their deed from J. D. Neal, father of the complainant, Sally Green, cover the property in dispute. As to this the Court cannot say and, therefore, cannot find accordingly, because the calls such as they are able to make out from a reading of the deed did not correspond to the calls alleged in complainants' bill and those of surveyor Hart, witness for the complainants. It appear from

the proof that Mr. Hart made a survey which was based upon corners and lines pointed out to him by the complainant, Mr. Green, he was not able to run the lines according to the calls of complainants' deed. Thus, it appears, as aforesaid, that the description averred in complainants' bill is based upon a survey of Mr. Hart, which survey, however, does not correspond to complainants' deed. Thus, the Court find that the complainants have failed to prove that their paper title covers the land in dispute.

"Furthermore, the Court finds from the proof introduced by the cross-complainants that they are the owners of the legal title to the land in dispute by virtue of a series of conveyances filed as exhibits 1 through 7, inclusive, to the testimony of Arthur Buckner. This title is deraigned from a deed of E. H. Bowman to Anna J. Everett, covering the lands here in dispute which deed was executed June 25, 1903, and filed for registration July 15, 1903 in the Register's Office of Bledsoe County, Tennessee. While this deed was executed subsequent to the deed of E. H. Bowman to J. D. Neal, it was recorded prior to the Neal deed.

"It is shown, however, by the great preponderance of the proof that the cross-defendants and their predecessor J. D. Neal have had possession of some 8 to 10 acres of land located on the tract here in controversy. This acreage has been under fence and portions of it cultivated for more than 20 years. They also built a house on this tract, which for a time was used as a postoffice. As to this land, which cross-defendants have had in actual possession for more than 7 years, cross-complainants will not recover.

"The original bill will be dismissed, the cross-bill will be sustained to the extent indicated.

"The costs will be adjudged equally one-half to complainants and one-half to defendants and cross-complainants." Section 10622 of the Code is as follows:

"In all cases taken by appeal or otherwise to the court of appeals from any lower court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree."

We have carefully read and studied the entire record and cannot say that the evidence preponderates against the decree of the Chancellor.

We cannot say that the Chancellor committed any errors in the admission or rejection of evidence which could have affected the result of the case.

There was a suggestion of the diminution of the record and a certified copy of a trust deed for B. O. Everett and wife to W. A. Sadd, Trustee, was placed with the record. The copy is marked "This instrument was offered in evidence upon the hearing of the cause. G. W. Woodlee, Chancellor."

We are presented with a motion to strike the Bill of Exceptions because not filed in time. The decree overruling the petition to rehear was entered on March 16, 1951, and in that decree the complainants were allowed 60 days "from the date of the entry of this order to prepare and file Bill of Exceptions." The Bill of Excep-

tions was tendered to the Chancellor on April 30, 1951 and signed by him. We are unable to find the date it was filed.

In our view of the case this is not now material to discuss this motion further.

The assignments of error are overruled and the decree of the Chancellor is affirmed. The case will be remanded to the Chancery Court of Bledsoe County for the execution of the decree.

The appellants will pay the costs of the appeal.

Affirmed and remanded.

Anderson and Swepston, JJ., concur.